UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHARLENE JEANETTE FUENTES,<br><br>　　　　　Defendant. | Criminal No. 16CR0786-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND THIRD SUPPLEMENTAL MOTION TO COMPEL DISCOVERY** |

Currently pending before the Court are Defendant's Motion to Suppress Evidence (ECF No. 34) and Third Supplemental Motion to Compel Discovery (ECF No. 40). On July 19, 2016, an evidentiary hearing was held on Defendant's suppression motion and the Court issued a tentative ruling denying Defendant's discovery motion. At the close of evidence and following oral argument on both motions, the Court took the matters under submission. Having now fully considered the evidence, arguments of counsel, and applicable case law, the Court will deny both motions for the reasons set forth as follows.

**1. Motion to Suppress Evidence**

Defendant moves to suppress evidence resulting from the search of three cellular phones seized from her on the date of her arrest. The phones were seized in the early morning hours on March 17, 2016, after the discovery of cocaine hidden in Defendant's vehicle at the San Ysidro, California Port of Entry. Several hours after the phones were

initially seized, and after Defendant had been placed under arrest, HSI Special Agent Jeffrey Richardson examined two of the phones (the third was password protected) and took photographs of various screens on the devices: incoming calls, select text messages, and select portions of call logs. No forensic examination was conducted on this date, and the contents of the phones were not downloaded.

On June 14th, 2016, Agent Richardson obtained a search warrant from Magistrate Judge Brooks to conduct a full forensic analysis of the phones. The affidavit in support of the search warrant does not rely on any information discovered during Agent Richardson's examination of the telephones on March 17, 2016.

Defendant argues that the search of her cellular phones at the border was unreasonable and that Agent Richardson's "search first and get-a-warrant-later approach" is analogous to the two-step interrogation procedure disapproved of in *Missouri v. Seibert*, 542 U.S. 600 (2004) and thus requires suppression. The Court disagrees.

In *United States v. Cotterman*, 709 F.3d 952, 960 (9th Cir. 2013) the Ninth Circuit Court of Appeals recognized the "broad contours of the scope of searches at our international borders ... rooted in the long-standing right of the sovereign to protect itself by stopping and examining persons and property crossing into this country." (internal citations and quotation marks omitted). The *Cotterman* court noted that while border searches are generally deemed reasonable by virtue of the fact that they occur at the border, the touchstone of the Fourth Amendment analysis remains reasonableness, which "depends on the totality of the circumstances, including the scope and duration of the deprivation." *Id.* (citations omitted). In *Cotterman,* the court found that the turning on of electronic devices and viewing of image files at the border was reasonable under the Fourth Amendment, but that a forensic examination of electronic devices requires reasonable suspicion.

Defendant contends that the border search exception is inapplicable in this case because the search of Defendant's cellular phones did not take place in conjunction with her entry into the United States, but took place after the drugs had been discovered inside

2

her vehicle and after she was arrested. Thus, in Defendant's view, the search was an investigatory search prohibited under *Riley v. California*, 134 S.Ct. 2473 (2014).[1] While this is certainly a valid factual distinction, the Court nevertheless believes that *Cotterman* is controlling. *Cotterman's* focus was on the nature and intrusiveness of the search at the border, not on the search's purpose. *Riley* did not involve a search at the border and thus is not clearly irreconcilable with *Cotterman*. Therefore, the Court believes it is bound by *Cotterman* and concludes that the limited search of Defendant's cell phones at the border was reasonable.

Moreover, the Court finds that the search warrant ultimately obtained for the cell phones would effectively cure the initial search even if it were not reasonable. The agents were undoubtedly entitled to seize Defendant's phones after her arrest. The search warrant was obtained based upon a showing of probable cause made without any reference to the earlier search by Agent Richardson. Thus, the Court can find no discernable difference in outcomes between what happened in this case and what would have happened if the agents had simply seized the phones and then obtained a search warrant as prescribed by *Riley*.

Defendant speculates that agents would not have sought a search warrant if they had not done the initial search first to see if there were valuable evidence to be discovered. However, once a case is set for trial and the Government is faced with the burden of proving a defendant's knowledge of contraband secreted in a vehicle, the Court can see no reason why agents would *not* seek to conduct an extensive examination of any cell phones and other objects that were present at the time of arrest. Absent a post-arrest statement, those items would likely be the only potential source of evidence of a defendant's state of mind available to the Government. Furthermore, unlike the two-step interrogation process condemned in *Missouri v. Seibert,* there is no tactical advantage to be gained by agents conducting a cursory search of cell phones at the border and then

---

[1] In *Riley*, the Supreme Court held that police must obtain a search warrant in order to search a cellular phone seized incident to an arrest.

3

later obtaining a search warrant to conduct a forensic examination in preparation for trial. The evidence legitimately in the Government's possession remains unchanged. Unlike the scenario in *Seibert*, the defendant has not been improperly induced to give up information or surrender any constitutional rights.

Finally, based upon the existing law of this Circuit, the Court finds that Special Agent Richardson acted reasonably and in the good faith belief that the search of the phones at the border was permissible under the Fourth Amendment. Thus, the Court finds that the good faith exception to the exclusionary rule is applicable and would not warrant suppression of the cell phone evidence even if the search were improper. Accordingly, Defendant's Motion to Suppress Evidence is **Denied**.

### 2. Motion to Compel Discovery

In her Third Supplemental Discovery Motion, Defendant seeks to compel the production of a portion of a search warrant affidavit submitted in support of a search warrant issued by the Los Angeles County Superior Court authorizing the placement of a GPS tracker device on the vehicle driven by Defendant on the day of her arrest. The search warrant was never executed. The Government has provided Defendant with the unexecuted search warrant and the bulk of the affidavit submitted in support of the warrant, which provides a detailed account of an investigation in Los Angeles County involving German Bueno Madriles and a silver BMW vehicle registered to Defendant Fuentes.

At issue is one page of the warrant affidavit which has been redacted. This portion of the warrant was sealed by the issuing judge pursuant to California Evidence Code Section 1041 to protect the identity of a confidential informant. In order to obtain disclosure of the identity of a confidential informant, a defendant must show a need for the information and must show more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' to his defense, or that will be essential to a fair trial. *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001). Similarly, in order to compel discovery under Rule 16, a defendant must make a

threshold showing of materiality, which requires a presentation of "facts which would tend to show the Government is in possession of information helpful to the defense." *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995), quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice." *Id.*

Here, Defendant argues that the identity of the informant should be revealed in order to facilitate Defendant's investigation of a potential third party culpability defense. Defendant argues that "it seems likely" that the confidential informant would be a person that knew Defendant Fuentes drove the car involved in the Los Angeles investigation and had a connection to drug trafficking. However, despite the speculation of counsel, the Court has been presented with absolutely no facts from which it could conclude that the identity of the informant is material to any defense in this case.

The Government has voluntarily disclosed all of the other warrant documents detailing the Los Angeles investigation involving both BMW vehicles registered in Defendant's name. Thus, Defendant has been provided with information to investigate and present her potential third party culpability defense. However, absent some specific factual showing, the Court cannot conclude that redacted portion of the warrant is material. The Government represents that the redacted information contains no *Brady* material and that the redacted information will not be used as a source of evidence or witness in this matter. Accordingly, the Court finds no basis for disclosure of the redacted portion of the warrant affidavit at this time and will **Deny** Defendant's Third Supplemental Discovery Motion.

IT IS SO ORDERED.

DATED: July 22, 2016

Honorable Janis L. Sammartino
United States District Judge

5